IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS K. KARPF : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 10-1401 |
| MASSACHUSETTS MUTUAL LIFE : | |
| INSURANCE COMPANY, ET AL. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                                       **APRIL 27, 2018**

Presently before the Court is the Daubert Motion of Defendants, First Financial Group and Harris Fishman, To Preclude the Testimony Of Plaintiff's Expert, Linda Piotrowski (ECF No. 77). For the following reasons, Defendants' Motion will be denied.

**I.    BACKGROUND**

This action arises from a business dispute that ensued when an insurance agent with a substantial book of business transferred from one insurance agency to another. Plaintiff Douglas Karpf sold insurance policies for Massachusetts Mutual Life Insurance Company ("MassMutual") for nearly three decades. (Karpf Dep. 46, Defs.' SJ Br. Ex. 2, ECF No. 76.) During the time period relevant to this dispute, Plaintiff was a full-time agent with Defendant First Financial Group ("First Financial"), a MassMutual general agency operated by Defendant Harris S. Fishman ("Fishman"), Mass Mutual's general agent for the territory comprising Pennsylvania, New Jersey and Delaware. (Fishman Dep. 10, Defs.' SJ Br. Ex. 11.) In 2008, Karpf left Fishman and First Financial and went to a new general agent, Howard Cowan, and his agency, Cowan Financial Group. (Karpf Dep. 89-90.) In this lawsuit, Plaintiff alleges that in connection with this transfer, Defendants delayed the transfer of his clients to his new agency, improperly re-assigned many of his clients to other agents at First Financial, and took other steps to interfere with and destroy his business. (*See generally,* Am. Compl., ECF No. 58.) After disposing of the parties' various

dispositive motions, the claims that survive are breach of contract (Count 1), tortious interference with prospective contractual relations (Count 3), and unfair competition (Count 8).[1] With regard to the tortious interference claim, Plaintiff seeks to recover emotional distress damages in addition to the commissions and other compensation he allegedly lost as a result of Defendants' actions. (Am. Compl. ¶ 175; Defs.' Opp. Br. 26-27.)

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of testimony by experts. Fed. R. Evid. 702. As the Supreme Court noted in *Daubert*, "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). In order to address the concerns raised by the Supreme Court in *Daubert*, Rule 702 contains a "trilogy" of requirements: "qualification, reliability and fit." *Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The trial judge serves as a gatekeeper who ensures that the trilogy of requirements is satisfied—"that any and all expert testimony or evidence is not only relevant, but also reliable." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 805 (3d Cir. 1997) (citing *Daubert*, 509 U.S. at 589).

"Qualification refers to the requirement that the witness possess specialized expertise." *Estate of Schneider*, 320 F.3d at 404. This requirement has been interpreted liberally, and "a broad range of knowledge, skills, and training" may qualify someone as an expert. *Id.* The reliability element requires that the testimony "be based on the methods and procedures of science rather than on subjective belief or unsupported speculation," and "the expert must have good grounds for his or her opinion." *Id.* (internal quotations and citations omitted). To satisfy the fit requirement, "testimony must be relevant for the purposes of the case and must assist the trier of fact." *Id.*

---

[1] A more detailed recitation of the factual background and procedural history is set forth in our Memorandum and Order issued February 28, 2018, granting in part and denying in part Defendants' Motion for Summary Judgment. (ECF. Nos. 83, 84.)

Federal Rule of Evidence 704 permits an expert's testimony to embrace an ultimate issue to be decided by the trier of fact; however, an expert may not render a legal opinion, because such testimony would usurp the court's role in explaining the law to the jury. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). Finally, expert witnesses should not be permitted to judge the credibility of another witness or opine about the intent or motive of parties or others because such assessments are to be made by the jury. *Griggs v. BIC Corp.*, 844 F. Supp. 190, 201 (M.D. Pa. 1994), *aff'd*, 37 F.3d 1486 (3d Cir. 1994); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004).

### III. ANALYSIS

#### A. Linda S. Piotrowski, M.D.

The record reflects that Dr. Piotrowski was Plaintiff's treating psychiatrist from approximately August 2004 to September 2009 and again from May 2011 to September 2014. Her expertise is offered to prove that Plaintiff's "psychiatric symptoms escalated significantly to a severe refractory depression after the escalation of discord at his place of work . . . ." (Defs.' Piotrowski Mot. Ex. A.) Defendants contend that Piotrowski's opinions are irrelevant to and do not fit the facts of this case because, according to Defendants, her opinions about Plaintiff's psychiatric condition are based on Plaintiff's statements in his treatment with her regarding various events in his life and how he felt about them, rather than the "facts of the case." (Defs.' Piotrowski Mot. 10-11.) For the same reason, Defendants argue that Piotrowski's opinions are "unreliable" and should be excluded "because of a lack of reliable methodology and her ability to prove any of her opinions." (*Id.* at 16-17.) In response, Plaintiff contends that, because emotional distress damages may be recovered in his tortious interference claim, "Dr. Piotrowski's testimony is very relevant . . .

and would assist the jury in understanding the issues" to be presented at trial.[2] (Pl.'s Opp. Br. 26-27, ECF No. 80.)

Piotrowski's qualifications as an expert are not in dispute. Her *curriculum vitae* reflects that she received her medical degree from Johns Hopkins University School of Medicine. She did her residency and psychiatry residency at the University of Pennsylvania School of Medicine and Yale University School of Medicine, respectively. (Defs.' Piotrowski Mot. Ex. A.) We further note that a "treating physician['s] testimony on prognosis and causation will inherently be based on scientific, technical or other specialized knowledge within the scope of Rule 702." *Pease v. Lycoming Engines*, No. 10-843, 2012 WL 162551, at *12 (M.D. Pa. Jan. 19, 2012) (citations omitted).[3] Clearly Piotrowski is qualified to testify as an expert.

We further conclude that Piotrowski's proposed testimony satisfies the reliability and fit requirements. First, the fact that Piotrowski's treatment of and opinions about Plaintiff are based on

---

[2] Plaintiff also claims that Piotrowski's testimony will "serve to explain and bolster causation and the damages sustained by Plaintiff in connection with his breach of contract claim." (Pl.'s Opp. Br. 24.) In Pennsylvania, emotional distress damages are not ordinarily available in breach of contract actions. They are compensable "only in those cases where there exists a special relationship where it is foreseeable that a breach of the relevant duty would result in emotional harm . . . ." *Toney v. Chester Cty. Hosp.*, 36 A.3d 83, 84 (Pa. 2011) (internal quotation marks omitted). Plaintiff does not allege a special relationship that encompasses a duty to care for Plaintiff's emotional well-being. *Id.* at 95. In addition, causation is not an element of a breach of contract action under Pennsylvania law. *See CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). However, "[i]n order to recover damages pursuant to a breach of contract, the plaintiff must show a causal connection between the breach and the loss." *Logan v. Mirror Printing Co. of Altoona, PA*, 600 A.2d 225, 226 (Pa. Super. Ct. 1991). Therefore, we must consider whether Piotrowski's testimony has "any tendency" to make the existence of a causal connection between the alleged breaches and damages "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. We are satisfied that it does not. Plaintiff's emotional well-being does not have any bearing on whether he actually suffered compensable loss as a result of Defendants' alleged actions. We are aware of no case that would permit us to reach a different conclusion, and Plaintiff has provided none. Because Piotrowski's testimony is not relevant to Plaintiff's breach of contract claim, it is not admissible for purposes of that claim.

[3] In addition, we note that "[i]n the Third Circuit, treating physicians are generally not required to submit expert reports when testifying 'based on their examination, diagnosis and treatment of a patient.'" *Pease*, 2012 WL 162551, at *13 (quoting *Mracek v. Bryn Mawr Hosp.*, 610 F. Supp. 2d 401, 406 (E.D. Pa. 2009).

his version of the events in dispute in this action does not render her opinion unscientific or unreliable. "In performing its gatekeeping function, and, in particular, in deciding whether an expert's report meets the reliability factor of a *Daubert* and Rule 702 analysis, the District Court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein." *Walker v. Gordon*, 46 F. App'x 691, 695 (3d Cir. 2002); *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 762 (3d Cir. 1994) (concluding that either review of a patient's medical records or a personal examination provides a sufficient reliable source of information to support medical conclusions regarding a patient's status). On the contrary, "[a]n expert is . . . permitted to base [her] opinion on a particular version of disputed facts," with the weight of that opinion to be decided by the jury and the basis of that opinion subject to cross examination. *Walker*, 46 F. App'x at 695-96 (citing *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002)).

Finally, Piotrowski's opinion is not irrelevant. If Plaintiff establishes his tortious interference claim, and proves resulting pecuniary loss, he may be able to recover for emotional distress damages "if they are reasonably to be expected to result from the interference." Restatement (Second) of Torts § 774A (1979); *Pelagatti v. Cohen*, 536 A.2d 1337, 1343-44 (Pa. Super. Ct. 1987) (holding that absent pecuniary loss, a plaintiff asserting tortious interference claim cannot recover for consequential emotional harm); *see also Dreiling Millennium Trust II v. Reliant Renal Care, Inc.*, 833 F. Supp. 2d 429, 435 (E.D. Pa. 2011) (same); *Shiner v. Moriarty*, 706 A.2d 1228, 1239 (Pa. Super. Ct. 1998) (same). Although expert testimony is not required to prove emotional harm resulting from tortious interference with contractual or prospective contractual relations, *Shiner*, 706 A.2d at 1239, such testimony is nonetheless relevant and may assist the trier of fact in determining whether emotional distress damages are appropriate. Accordingly, Defendants' Motion to preclude Piotrowski's testimony will be denied.

5

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* to preclude the testimony of Linda S. Piotrowski, M.D. will be denied.

An appropriate order will follow.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**