IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS K. KARPF | CIVIL ACTION |
| v. | NO. 10-1401 |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, ET AL. | |

## **O R D E R**

**AND NOW,** this 5th day of February, 2019, upon consideration of Defendant's Amended Motion in Limine (ECF No. 98), and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **GRANTED IN PART** insofar as Plaintiff will be precluded from offering factual or lay opinion testimony that is not based on personal or first-hand knowledge or other proper evidentiary foundation.

2. The Motion is **GRANTED** insofar as Plaintiff will be precluded from offering evidence that MassMutual interfered with Plaintiff's prospective contractual relations.

3. The Motion is **GRANTED IN PART** insofar as Plaintiff's damages expert's report and testimony will not be admitted unless and until there is sufficient evidence in the trial record to provide a factual basis for the expert's damages analysis and its underlying assumptions.

4. The Motion is **GRANTED** insofar as Plaintiff will be precluded from offering evidence concerning unpaid first-year commissions.

5. The Motion is **GRANTED** insofar as Plaintiff will be precluded from presenting

evidence concerning an "eggshell skull" theory of alleged emotional distress damages.

6. The Motion is **GRANTED** insofar as Plaintiff will be precluded from offering evidence of hearsay statements made by Plaintiff's clients concerning Plaintiff's role with "the company."

7. In all other respects the Motion is **DENIED.**

**IT IS SO ORDERED.**

                                          **BY THE COURT:**

                                          **R. BARCLAY SURRICK, J.**